UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRENT A. KUBASIAK,

                        Plaintiff,

v.                                           5:24-CV-0312
                                                       (GTS/TWD)

CEDRAH J. SHAW,

                        Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

TRENT A. KUBASIAK
  Plaintiff, *Pro Se*
8161 Gray Wolf Drive
Fort Drum, NY 13603

HON. CARLA B. FREEDMAN                 KAREN FOLSTER LESPERANCE, ESQ.
United States Attorney for the N.D.N.Y.    DAVID M. KATZ, ESQ.
  Counsel for Defendant                             Assistant United States Attorneys
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* defamation action brought by Trent A. Kubasiak ("Plaintiff") against Cedrah J. Shaw ("Defendant"), are the following two motions: (1) Defendant's motion to substitute the United States as the proper Defendant, and to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction; and (2) Plaintiff's motion to remand this action to state court. (Dkt. Nos. 13, 15.) For the reasons that follow, Plaintiff's motion to remand is denied, and Defendant's motion to substitute and dismiss is granted.

1

I.      **RELEVANT BACKGROUND**

    A.      **Relevant Procedural Background**

On or about December 5, 2023, Plaintiff filed a Complaint in New York State Supreme Court, Jefferson County, against Defendant, asserting claims of defamation and intentional infliction of emotional distress. (Dkt. No. 1.) On or about December 19, 2023, Plaintiff filed an Amended Complaint. (Dkt. Nos. 1, 2.) On March 5, 2024, pursuant to 28 U.S.C. § 2679(d)(2) and 1346(b)(2), the United States Attorney's Office filed a notice of removal to the United States District Court for the Northern District of New York, certifying under the Westfall Act, 28 U.S.C. § 2679,[1] that Defendant was acting within the scope of her employment as an employee of the United States Army at the time of the conduct alleged in the Complaint. (Dkt. No. 1.) Subsequently, on April 1, 2024, the United States of America filed a motion to substitute itself as Defendant in this action under 28 U.S.C. § 2679, and to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 13.) On April 4, 2024, while asserting arguments in opposition to Defendant's motion, Plaintiff filed a motion to remand this action back to New York State Supreme Court pursuant to 28 U.S.C. § 2679(d)(3), arguing that Defendant exceeded the scope of her employment. (Dkt. No. 15.)

    B.      **Relevant Factual Background**

During August 2023, Defendant provided a sworn statement to an investigating officer ("IO") of the United States Army during its official inquiry of allegations that Plaintiff had engaged in harassing and discriminatory conduct while he was the Chief of Military Justice at Fort Drum, New York. The investigation was the result of a formal complaint of sexual

---

[1] The Court notes that Federal Employees Liability Reform and Tort Compensation Act of 1988, more commonly known as the Westfall Act, grants absolute immunity from common-law torts to federal employees when acting within the scope of their employment. 28 U.S.C. §

2

harassment against Plaintiff by a third party who is not a party in this action. Along with the other employees working within the Military Justice Office, Defendant was asked by the IO to provide a sworn statement regarding any known incidents of sexual harassment. The investigation concluded on August 31, 2023, and the IO later submitted a report that Plaintiff did not engage in sexual harassment or discriminatory behavior because of sex with any other females.  The statements made by Defendant to the IO are the allegedly false and defamatory statements cited in Plaintiff's Complaint and Amended Complaint.

### C. Summary of Amended Complaint

Liberally construed, Plaintiff's Amended Complaint alleges that, between approximately August 2, 2023, and August 8, 2023, at Fort Drum, in Jefferson County, New York, Defendant deliberately defamed Plaintiff by making false statements she knew or should have known to be false, and intentionally inflicted emotional distress on Plaintiff.  (*See generally* Dkt. No. 2 [Plf.'s Am. Compl.].)  Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id.*)

### D. Parties' Briefing on Their Pending Motions

Because the Court agrees with Plaintiff that, under the circumstances, his motion to remand should be addressed before Defendant's motion to substitute and dismiss (even though it was filed after Defendant's motion to substitute and dismiss), the Court will summarize the parties' arguments regarding Plaintiff's motion to remand first.

#### 1. Plaintiff's Motion to Remand

##### a. Plaintiff's Memorandum of Law-in Chief

---

2679(b)(1).

Generally, in support of his motion to remand, Plaintiff sets forth two arguments. (*See generally* Dkt. No. 15, Attach. 1 [Plf.'s Memo. of Law].) First, Plaintiff argues, the Court should reject the United States' certification under the Westfall Act, 28 U.S.C. § 2679, because the Supreme Court has recognized that the scope-of-employment certification made by the Attorney General (or alternatively, as here, the United States Attorney) is subject to judicial review. (*Id.* at 1-2.) More specifically, Plaintiff argues that, although the Government is not required to state its reasons for the certification, under 28 U.S.C. § 2679(d)(3), "[i]f, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court." (Dkt. No. 15, Attach. 1, at 2 [Plf.'s Memo. of Law].) Here, Plaintiff argues that the United States' certification relies on the declaration of Lieutenant Colonel ("LTC") Jessica Reis, who stated, "The investigating officer did not find that Ms. Shaw knowingly provided false information." (*Id.* at 4.) However, Plaintiff argues, LTC Reis "either did not read or did not have a copy of the investigation in the government's possession (nor arguably would she be entitled to a copy in the course of a workplace investigation)." (*Id.*) This omission is material, Plaintiff argues, because the investigation states that Defendant's claims against Plaintiff were "not factual," were "offset by" other evidence, and were non-descriptive." (*Id.* at 4-6.) As a result, Plaintiff argues, "[i]t is possible [for the Court] to decide that [Defendant] provided false information." (*Id.* at 4.)

Second, Plaintiff argues, applying the New York State law doctrine of *respondeat superior*, the Court should find that Defendant was acting beyond the scope of her employment during the time in question. (*Id.* at 3-6.) More specifically, Plaintiff argues that the United States Army is not an agency created for the purpose of reporting and investigating sexual

4

harassment. (*Id*.) Therefore, Plaintiff argues, Defendant was not carrying out an official duty of her employer when she made the libelous claims. (*Id*.) Furthermore, Plaintiff argues this case is analogous to *Rausman v. Baugh*, 682 N.Y.S.2d 42 (N.Y. App. Div. 2d Dep't 1996), where the court held that, because making the defamatory statements of sexual harassment was not an official or legal duty assigned to a medical center employee, the employee's employer could not be deemed liable for the employee's actions. (*Id*. at 3-4.) As a result, Plaintiff argues, like the medical center employer in *Rausman*, the United States cannot be held liable for the claims made by Defendant. (*Id*. at 3-7.)

b.  **Defendant's Opposition Memorandum of Law**

Generally, in opposition to Plaintiff's motion to remand, Defendant sets forth two arguments. (Dkt. No. 21.) First, Defendant argues, Plaintiff's arguments overturning the Westfall certification fail on each of two levels: (a) as a threshold matter, to establish a right of review, Plaintiff must be able to allege with particularity facts relevant to the scope-of-employment issue; and (b) if those facts trigger a review of the certification, then Plaintiff bears the ultimate burden of proving that the federal employee acted beyond the scope of her employment. (*Id*. at 8.) Here, Defendant argues, Plaintiff failed to establish a right of review because, although Plaintiff provides a lengthy discussion of Army regulations, he fails to point to specific policy, or factual evidence, establishing that Defendant was acting beyond the scope of her employment: indeed, to the contrary, under Army Regulation 15-6, Defendant had a duty to cooperate with the investigation and could have been compelled to provide answers to the investigator's questions as well as a formal, sworn statement. (*Id*. at 9.)

Furthermore, Defendant argues, even if Plaintiff has triggered a review of the

certification, he has failed to prove that she was acting beyond the scope of her employment, because, under New York law, an employee acts within the scope of his employment when (1) the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities, and (2) the employee is doing something in furtherance of the duties he owes to his employer. (*Id*. at 9-10.) Here, with regard to the first element, Defendant argues that she has established that, in order to avoid disciplinary measures, she was required to provide the written statements of which Plaintiff complains during the investigation. (Dkt. No. 21, Attach. 6, at 10 [Exhibit E of Plf.'s Reply].) More specifically, Defendant argues that the declaration of Sean A. Marvin and Army Regulation 15-6 establishes that an IO possesses the discretion to force witnesses to swear to their statements. (Dkt. No. 21, Attach. 1 [citing Army Regulation 15-6 at § 3-8(d)(3)].) With regard to the second element, Defendant argues that Marvin's declaration also establishes that the United States Army has an interest in weeding out sexual harassment within its ranks; as a result, Defendant argues, her participation in the investigation was in furtherance of her duties to the Army. (*Id*. at 3-5.) Finally, Defendant argues that Plaintiff's reliance on *Rausman v. Baugh* is misplaced, because she had a duty to cooperate in the investigation. (Dkt. No. 21, at 10.) Rather, Defendant argues that a more analogous case is *Catania v. Herbst*, 916 F. Supp. 2d 266, 271 (E.D.N.Y. 2013) (finding that postal clerk's statements about supervisor's work habits and his manner of supervision were not beyond the scope of employment because they arose during the course of an investigation in which statements were requested and reasonably anticipated). (Dkt. No. 21, at 11-13.)

Second, Defendant argues, in any event, Plaintiff's motion for remand hinges on 28 U.S.C. § 2679(d)(3), which does not apply here; rather, Defendant argues, that section applies

6

only where the United States Attorney "has refused to certify scope of office or employment . . . ," and here the United States has certified Defendant acted within the scope of her employment when the events underlying the Complaint occurred pursuant to 28 U.S.C. § 2679(d)(2). (Dkt. No. 21, at 19-21.) Indeed, Defendant argues, as pointed out in a case cited by Plaintiff (*Osborn v. Haley*, 549 U.S. 225, 241 [2007]), the final command in the language of 28 U.S.C. § 2679(d)(2), expresses that a Westfall certification "shall conclusively establish scope of office or employment for purposes of removal." (Dkt. No. 21, at 19.)

### 2. Defendant's Motion to Substitute a Party

#### a. Defendant's Memorandum of Law-in Chief

Generally, in support of her motion to substitute a party, Defendant argues that the Westfall Act, 28 U.S.C. § 2679(b)(1), requires that the United States be substituted as the party defendant in an action where, as here, the Attorney General or his designee has certified that the named defendant was acting within the scope of her employment during the events giving rise to the action. (*See generally* Dkt. No. 13, Attach. 1, at 5 [Def.'s Memo. of Law].) Here, Defendant argues, the United States Attorney for the Northern District of New York, Carla Freedman, issued a certification that Defendant was acting within the scope of her employment at the time the alleged libelous claims were made, per 28 C.F.R. § 15.4. (Dkt. No. 1, Attach. 4.) Defendant further argues that the Westfall certification is supported by the declaration of Deputy Staff Judge Advocate for the 10th Mountain Division Jessica Reis stating that Defendant was asked to provide a sworn statement as part of the investigation of Plaintiff's allegedly sexually harassing conduct, and that Defendant provided that sworn statement as a part of her official duties as an employee of the United States Army (specifically, as a Victim Witness liaison in the Military

7

Justice Office at Fort Drum). (Dkt. No. 1, Attach. 3.)

### b. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion to substitute, Plaintiff argues that substitution is inappropriate because the Westfall certification should be rejected (and this action remanded) for the reasons stated above in Part I.D.1.a. of this Decision and Order. (*See generally* Dkt. No. 17; Dkt. No. 15, Attach. 1.)

### c. Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant argues that Plaintiff's challenge to the Westfall certification should be rejected (and substation allowed) for the reasons stated above in Part I.D.1.b. of this Decision and Order. (Dkt. No. 21, at 8-17, 21.)

## 3. Defendant's Motion to Dismiss

### a. Defendant's Memorandum of Law-in Chief

Generally, in support of its motion to dismiss, Defendant asserts two arguments. (Dkt. No. 13, Attach. 1.) First, Defendant argues, after the United States is substituted for Defendant, Plaintiff's Amended Complaint must be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1). (Dkt. No. 13, Attach. 1, at 5-8.) This is because, Defendant argues, under the principle of sovereign immunity the United States may not be sued without its consent (which is a prerequisite for jurisdiction); and here the United States has expressly *not* consented to be sued under the Federal Tort Claims Act for any intentional torts (such as "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights") pursuant to 28 U.S.C. § 2680(h). (*Id.*)

Second, Defendant argues, in any event, even if the United States had waived its sovereign immunity, one of the conditions of suit is the exhaustion of available administrative remedies in the appropriate federal agency under 28 U.S.C. § 2675(a), and here there is no record of Plaintiff having presented his claims of defamation and intentional infliction of emotional distress to the Department of the Army before filing this action. (Dkt. No. 13, Attach. 1, at 8-9; Dkt. No. 13, Attach. 2 [Declaration of James Green].)

b. **Plaintiff's Opposition Memorandum of Law**

Generally, in opposition to Defendant's motion to dismiss, Plaintiff asserts two arguments. (*See generally* Dkt. No. 17.) First, Plaintiff argues, although he concedes that the Court lacks subject-matter jurisdiction over this action unless the federal government chose to waive its sovereign immunity regarding the intentional torts that he has alleged, his motion to remand should be decided before the motion to dismiss, because the basis for removal from state court (i.e., the Westfall Act certification) was wrongful, as a threshold matter. (*Id*. at 2.)

Second, Plaintiff argues, despite his failure to exhaust his administrative remedies before filing this action, the Court should reach the merits of this case, and remand this action. (*Id*. at 2-3.) Plaintiff also appears to argue that, two days before filing his opposition memorandum of law, he attempted to do so, by sending "a Federal Tort Claims Act claim on a Standard Form 95 via certified mail to the U.S. Army Claims Service." (Dkt. No. 17, Attach. 1, at ¶ 2.)

c. **Defendant's Reply Memorandum of Law**

Generally, in reply to Plaintiff's opposition, Defendant asserts two arguments. (Dkt. No. 21.) First, Defendant argues, Plaintiff has conceded that, "unless the federal government chooses to waive sovereign immunity regarding the tort damages suffered by the plaintiff, the court lacks

subject matter jurisdiction to resolve this action." (*Id*. at 18.)

Second, Defendant argues, Plaintiff has still not exhausted his administrative remedies, because, although he claims to have submitted a claim to the U.S. Army Claims Service on April 20, 2024, that submission does cure the jurisdictional defect in question, because (a) it has been submitted too late (having been neither commenced nor finally decided by the appropriate federal agency before the filing of suit), and (b) in any event, the claim would still be barred by the intentional tort exception to the Federal Tort Claims Act. (*Id*. at 18-19.)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Remand

"Ordinarily, the well-pleaded complaint rule dictates that a defendant may remove an action from state court to federal court only if the case could have been filed in federal court in the first instance." *Miranda v. Abex Corp.*, 08-CV-5509, 2008 WL 4778886, at *1 (S.D.N.Y. Oct. 31, 2008) (citing *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 [2d Cir. 2004]). "Thus federal question jurisdiction may be invoked only when a federal question is presented on the face of the plaintiffs' properly pleaded complaint." *Abex Corp.*, 2008 WL 4778886, at *1 (citations omitted).

### B. Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction

It is a fundamental precept that federal courts are courts of limited jurisdiction. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to

dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### III.  DISCUSSION

After carefully considering the matter, the Court denies Plaintiff's motion to remand for the reasons stated in Defendant's opposition memorandum of law. *See, supra,* Part I.D.1.b. of this Decision and Order. In addition, the Court grants Defendant's motion to substitute a party and dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction for the reasons stated in Defendants' memoranda of law. *See, supra,* Parts I.D.2.a., I.D.2.c., I.D.3.a., and I.D.3.c. of this Decision and Order. To those reasons, the Court adds the following analysis, which is intended to supplement and not supplant those reasons.

#### A.  **Remand Is Not Warranted**

As a threshold matter, the Court finds that remand is not warranted under the circumstances of this case. As the Westfall Act provides, in pertinent part, "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). The Supreme Court has found that, "[b]y declaring the Attorney General's certification 'conclusive' as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination."

*Osborn v. Haley*, 549 U.S. 225, 243 (2007). As a result, even if this Court were to disagree with the United States' scope-of-employment determination here, the Court would be unable to remand this action to state court.

In any event, even if the Court were able to remand this action to state court, Plaintiff has failed to either allege, or prove, that Defendant acted beyond the scope of her employment during the time in question. Rather, Plaintiff has merely asserted that grounds exist upon which to base a finding that Defendant's statements were not true (e.g., the evidence that Defendant's statements were "not factual," were "offset by" other evidence, and were non-descriptive"). As Defendant argues, regardless of the accuracy of her statements, under Army Regulation 15-6, she had a duty to cooperate with the investigation and could have been compelled to provide answers to the investigator's questions as well as a formal, sworn statement. As a result, no grounds exist on which to base a rejection of the United States' Westfall certification.

For each of these two alternative reasons, the Court denies Plaintiff's motion to remand.

**B.     Substitution and Dismissal Are Warranted**

Upon a certification under 28 U.S.C. § 2679(d)(1), "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

Here, the United States issued such a certification. (Dkt. No. 1, Attach. 4.) Even if record evidence were required in support of such a certification, such record evidence exists here (specifically, the declaration of LTC Jessica Reis swearing that Defendant was asked to provide, and did provide, a sworn statement as a part of her official duties as an employee of the United

States Army).  (Dkt. No. 1, Attach. 3.)  Furthermore, LTC Reiss' declaration that Defendant was acting as part of her official duties is itself corroborated by the declaration of Sean A. Marvin and its attached exhibits.  (Dkt. No. 21, Attach. 1-6.)

As a result, substitution is required by 28 U.S.C. § 2679(d)(1).  Furthermore, after the United States is substituted for Defendant, Plaintiff's Amended Complaint must be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1), because the United States has not consented to be sued for the intentional torts claimed here.  28 U.S.C. § 2680(h); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  Indeed, Plaintiff concedes this fact (arguing instead that his motion to remand should be decided first, which it has been).  (Dkt. No. 17, at 2.)  Finally, even if the United States had waived its sovereign immunity, Plaintiff never presented his claims to the Department of the Army before filing this action, and his attempt to do so during the course of this action is unavailing.

For all of these reasons, the Court grants Defendant's motion to substitute and dismiss.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to remand this action back to state court (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Defendant's motion to substitute a party (Dkt. No. 13) is **GRANTED**, and the Clerk of Court shall substitute the United States of America for Cedrah J. Shaw as the Defendant in this action; and it is further

**ORDERED** that Defendant's motion to dismiss for lack of subject-matter jurisdiction

(Dkt. No. 13) is **GRANTED**; and it is further

ORDERED that Plaintiff's Amended Complaint (Dkt. No. 2) is **DISMISSED without prejudice**.[2]

Dated: July 11, 2024
      Syracuse, New York

                                              Glenn T. Suddaby
                                              U.S. District Judge

---

[2] Generally, dismissals for lack of subject-matter jurisdiction must be without prejudice (because the Court lacks jurisdiction to pass on the merits of the claims asserted). *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("One other wrinkle: when a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'").